```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 08-60016-CR-ZLOCH
```

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                  **O R D E R**

AARON WALL IV,

        Defendant.
_____/

THIS MATTER is before the Court sua sponte and for the purpose of completing the record. During jury selection in the trial of the above-styled cause, this Court denied a challenge made by the Defendant Aaron Wall IV pursuant to Batson v. Kentucky, 476 U.S. 79 (1986). The Court now articulates more specifically the reasons for the ruling.

The Defendant Wall, who was eventually convicted by jury verdict, raised a Batson challenge to potential juror Ryan Carter, an African-American male when the Government sought to exercise a peremptory challenge as to Mr. Carter. The Court, after hearing from the prosecutor and defense counsel, denied the challenge. Simply stated, the defense failed to establish a prima facie case of purposeful discrimination by the prosecutor. In the alternative, if a reviewing Court were to find that the defense had established a prima facie case of purposeful discrimination by the prosecutor, the Court further finds that the prosecutor articulated a clear, reasonably specific, legitimate, non-discriminatory and

race neutral explanation for striking Mr. Carter.  Thereafter, the defense failed to carry its burden of proving purposeful discrimination on the part of the prosecutor.

In evaluating the race-neutrality of the prosecutor's explanation, the Court accepts the proffered reasons by the prosecutor for the peremptory challenge as truthful and further finds that the challenge to Mr. Carter does not violate the equal protection clause as a matter of law.  The defense had the opportunity to rebut the prosecutor's articulated reasons or to show that they were pre-textual and the defense failed to do so.

The Court notes that the prosecutor's explanation need not rise to the level justified in the exercise of a challenge for cause.  Simply stated, the Government must come forward with a race neutral explanation for the challenge which it did.  In addition, the prosecutor, Terry Lindsey, Esquire, A.U.S.A., who is an African-American male, has appeared before this Court on numerous occasions and the Court knows Mr. Lindsey to be credible, honorable, professional and ethical.  The Court notes that a prosecutor often must rely on the scant information available to him when making decisions about how to exercise the Government's peremptory challenges.  The prosecutor does not necessarily have to provide a particularly strong reason for striking a juror - just a non-racial reason.  In this case, there is nothing in the prosecutor's explanation that indicates he was doing anything but

challenging a juror who was young and might not be able to handle the pressures of serving as a juror in a criminal case. The "science" of choosing jurors often depends on the intuitive senses of the attorneys, and the non-discriminatory exercise of that intuition has been long upheld by the courts.

In addition, the Court notes that there were six (6) African-American men and women who were seated and served as jurors in the trial of the above-styled cause.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___12th___ day of December, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Terry Lindsey, Esq., AUSA
For Plaintiff

Bruce S. Harvey, Esq.
For Defendant Wall